UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:14-CR-130 |
| | ) JUDGE JORDAN |
| ERICA MURPHY | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Erica Murphy, the defendant's attorney, William L. Ricker, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

The lesser included offense of Count One, conspiracy to distribute and possession with the intent to distribute methamphetamine, its salts, isomers, and salts of its isomers a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

The maximum penalty to which the defendant will be exposed by virtue of her guilty plea is a term of imprisonment of not more than twenty (20) years' imprisonment; a fine of up to $1,000,000; a term of supervised release of not less than three (3) years and up to life; and a mandatory assessment of $100.00.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Count 1: 21 U.S.C. § 846(a)(1), namely, a conspiracy to distribute and possess with the intent to distribute methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. In order to prove the statutory violations cited above, the following elements of proof are necessary:

   a. The defendant and others entered an agreement to possess and distribute methamphetamine, a Schedule II controlled substance.

   b. the defendant had knowledge and intent to join the conspiracy; and

   c. the defendant participated in the conspiracy.

*United States v. Martinez,* 430 F.3d 317, 330 (6th Cir. 2005).

   4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

   a. The defendant admits that she participated in conspiracy to traffic, distribute, and possess with the intent to distribute methamphetamine, a schedule II controlled substance. The defendant further admits that the co-defendants in this case, and others, traveled from areas in northeast Tennessee to areas surrounding Atlanta, Georgia in order to obtain methamphetamine and that the conspirators would transport the methamphetamine back to northeast Tennessee where methamphetamine would then be distributed to others, including both indicted and unindicted conspirators as well as methamphetamine users.

   b. The defendant admits that on or about October 12, 2013 she and codefendant Alison Moore were traffic stopped shortly after leaving the B.P. Station in Baileyton, Tennessee. The defendant admits that she was the driver of that vehicle and that she was pulled over for weaving within her lane and subsequently consented to a search of the vehicle. The defendant further

2

admits that the car she was driving belonged to the conspiracy's primary source of supply of methamphetamine. The defendant also admits that after seeing the police officer she and codefendant Moore each placed drugs inside their vaginas. Specifically, the defendant admits she placed approximately 26 grams of methamphetamine inside her vagina.

    c.    The defendant admits that she made a statement to law enforcement in which she identified the conspiracy's primary source of methamphetamine in Georgia and affirm that she was truthful and accurate in identifying that source of supply of methamphetamine. The defendant admits that she personally obtained methamphetamine for resale from this source of supply. Additionally, the defendant truthfully identified others who participated in this drug trafficking conspiracy including, but not limited to, codefendants Jodi Brown, Jesse Brown, and Christopher Penley.

    d.    For the purposes of this plea agreement, the parties agree that the defendant should be held responsible for more than 20 grams but less than 35 grams of actual methamphetamine.

5.    The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

    d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e)    the right to confront and cross-examine witnesses against the defendant;

    f)    the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g)    the right not to testify and to have that choice not used against the defendant.

6.    The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

4

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office

5

to obtain financial and tax records of the defendant.

10. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

Date  Jan. 20, 2015

By: _____
J. CHRISTIAN LAMPE
Assistant United States Attorney

Date  1-19-15

_____
ERICA MURPHY
Defendant

Date  Jan. 19, 2015

_____
WILLIAM L. RICKER
Attorney for the Defendant

7