UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

**UNITED STATES OF AMERICA,**

v.  Case No.: 2:14-cr-00130-RLJ-6

**ALISON MOORE,** Defendant.

**SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

COMES NOW the defendant, Alison Moore, by counsel and files this Sentencing Memorandum reflecting her position with respect to a sentence that is sufficient but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a). In support, the defense shows as follows:

**ARGUMENT**

The Supreme Court in <u>United States v. Booker,</u> held that this Court must decide what sentence is sufficient but not greater than to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a), considering in an advisory rather than mandatory manner the applicable guideline range under the federal Sentencing Guidelines. 543 U.S. 220, 125 S. Ct. 738 (2005).

18 U.S.C. § 3553 (a) requires a sentencing Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>    (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for
    (A) the applicable category of offense committed by the applicable
category of defendant as set forth in the guidelines
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

### Circumstances of the Offense and Characteristics of Offender

On December 9, 2014, the Defendant was charged in a six-count Indictment. Count One charged each defendant with Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). Count Five charged Erica Murphy and Alison More with Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B).

On January 29, 2015, the defendant pled guilty to the lesser included offense in Count One of the six-count Indictment which charged Conspiracy to Distribute and Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C).

On October 12, 2013 Ms. Moore and codefendant Erica Murphy were stopped for a traffic infraction shortly after leaving the B.P. Station in Baileyton, Tennessee. Erica Murphy consented to a search of the vehicle. Ms. Moore acknowledges that after seeing the police officer she and codefendant Murphy each hid drugs in an attempt to prevent the officer from finding the drugs. Both Ms. Murphy and Ms. Moore hid drug on their person.

Ms. Moore was born in Kingsport, Tennessee, on March 15, 1988, to Peggy Fogleman and Don Moore. She has a half-sister, Tia Lawson, age 40, who is

Page 2 of 6          **2:14-cr-00130-RLJ-6**

Case 2:14-cr-00130-RLJ-MCLC   Document 130   Filed 06/08/15   Page 2 of 6   PageID #: 543

incarcerated at FCI Tallahassee in Tallahassee, Florida; and half-brother Donnie Moore, age 40, who resides in Jonesborough, Tennessee. Her parents divorced when she was in an elementary school. Unfortunately Ms. Moore chose her sister as a role model for her.

Ms. Moore has one child, Cooper Moore, who is three years old. Child's father, Mike Dean, resides in Burlington, Tennessee, and has no involvement with their child at all. Cooper lives with Ms. Moore's mother in Gray, Tennessee, and has resided there since March 2014.

Ms. Moore has a long history of substance abuse. It started with alcohol and marijuana that she began using when she was 16. This has followed very quickly with abusing benzodiazepines that were prescribed for her anxiety by snorting them. She also used crack cocaine daily from age 16, until her high school graduation in 2007. By 2014 Mr. Moore moved on to bath salts and heroin. In 2008 Ms. Moore began using Methamphetamine more or less daily. The defendant has never participated in a treatment program, but indicated she would like to participate in substance abuse treatment while in custody.

### Seriousness of the Offense

18 U.S.C. § 3553 (a)(2)(A) directs the Court to consider, in light of the seriousness of the offense, a just punishment that promotes respect for the law. In United States v. Fernandez, the United States Court Appeals for the Second Circuit stated that, "sentencing judge must consider the advisory Guidelines range and determine whether '[i] to impose the sentence that would have been imposed under the Guidelines, *i.e.*, a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence'." 443 F.3rd 19, 22 (2d. Cir. 2006) (citing United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)). In no way does this counsel wishes to minimize the seriousness of the offense. Methamphetamine and other

drugs ravage Northeast Tennessee and Southwest Virginia and Ms. Moore is the prime example of a victim of dependence who turned to crime to feed her addiction.

### Deterrence

This conviction had a profound effect on Ms. Moore. She has never been convicted of any crime. A prospect of serving at least 37 month in federal penitentiary is terrifying. Her attorney can report that Ms. Moore is sufficiently deterred, and this counsel can state that he would be very surprised if Ms. Moore would be back before thisCourt or any other tribunal.

### Need to Protect the Public

Counsel recognizes the need for the public to be protected from people who are selling scheduled drugs to the public. It appears to counsel, after lengthy conversations with Ms. Moore that her actions were driven by an overwhelming need to feed her addiction. Now, after a long time in jail and facing some federal penitentiary time Ms. Moore has realized that there is a consequence to all her actions. She is planning to use her time in penitentiary to acquire a trade and return to her son after her time in prison to make sure that he grows up without knowing the sickness of an addiction.

### Need for Treatment/Rehabilitation

18 U.S.C. § 3553 (a)(2)(D) requires the court to consider "educational or vocational training, medical care, or other correctional treatment in the most effective manner." As such Ms. Moore would greatly benefit from a drug rehabilitation program as well a program that would channel her talents into something more constructive.

### MOTION FOR VARIANCE

The Defendant by counsel moves this Honorable Court for consideration under Title 18 U.S.C. § 3553 (f) and Court's discretion for a variance down in her sentence and in support whereof states as follows,

Although there is no mandatory minimum in this case for the purpose of Title 21 U.S.C. § 841 (b)(1)(B) it is worth noting that she would have qualified for the "safety valve."

> (1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3)  the offense did not result in death or serious bodily injury to any person;
> (4)  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5)  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Title 18 U.S.C. § 3553 (f).

The Defendant has zero criminal history points (Doc. at p. 7, ¶31). The Defendant did not use violence nor did she possess any dangerous weapons nor did the offence result in death or serious bodily injury. Moreover, the Defendant definitely was neither an organizer nor a leader in the offense to which he plead guilty. Thus, the Defendant qualifies under first four prongs of the 3553 (f). There is no question that she would qualify under prong five. It is obvious from the Motions filed by the Government (Doc. 79 at p 1, ¶2 and Doc. 79) and PSR report (Doc. 71 at p. 11, ¶61) that the Defendant has accepted responsibility for her actions and cooperated fully with the Government under prong five of 3553(f).

As such, although the Defendant is not facing a mandatory minimum sentence and there is no need to use the "safety valve" the Court should consider Defendant's involvement in the case as only a "drug mule," lack of prior criminal history, and her

willingness to accept responsibility and cooperation with the government.

Wherefore, the Defendant respectfully moves for a variance down below the lower range of the recommended sentencing range.

### DEFENDANT'S RECOMMENDATION

The Defendant, by counsel respectfully recommends and requests that the Defendant be sentenced below lower end of the guideline range after this Honorable Court considers the implications of Title 18 U.S.C. § 3553; and that the Defendant be allowed to participate in vocational training and in 500 hours Drug Rehabilitation Program.

RESPECTFULLY SUBMITTED:

BY: /s/ Ilya I. Berenshteyn, Esquire
Ilya I. Berenshteyn, Esquire
The Senter Law Firm, P.C.
713 Volunteer Parkway, Suite 6
Bristol, TN 37620
423.764.5255
423.764.5655 fax
BPR No.: 026967

### CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2015, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Ilya I. Berenshteyn, Esquire